UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ASCENCIO ZETINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE SCOTT, Warden of the<br>Northwest ICE Processing Center, and<br>ICE FIELD OFFICE DIRECTOR,<br><br>　　　　Defendants. | CASE NO. 2:26-cv-01760-JNW<br><br>ORDER GRANTING IN PART<br>HABEAS CORPUS PETITION |

Petitioner Jose Ascencio Zetino, proceeding pro se, seeks a writ of habeas corpus directing his release from immigration detention or an order requiring Respondents to hold a bond hearing. Dkt. Nos. 1, 6. For the reasons stated below, the Court GRANTS in part the habeas petition.

Since April 21, 2026, Immigration and Customs Enforcement (ICE) has detained Ascencio Zetino at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 1 at 1. The Department of Homeland Security (DHS) charged him under 8 U.S.C. § 1182 (a)(6)(A)(i) as an "[inadmissible] alien present in the United States without being admitted or paroled, or who arrives in the United

States at any time or place other than as designated by the Attorney General." *Id.* Beyond these basic facts, the record before the Court is sparse as both parties provide few other details.

Respondents raise two arguments against habeas relief, neither of which prevail. First, Respondents argue that the Court lacks jurisdiction because Ascencio Zetino's original petition named the ICE Field Office Director, who is not his immediate custodian, "as the only Respondent." Dkt. No. 5 at 1 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.")). But this defect has been cured. On June 1, 2026, Ascencio Zetino filed an "Amended Petition" naming Bruce Scott, the Warden of NWIPC. Dkt. No. 6. at 1. Because Ascencio Zetino proceeds pro se, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So construed, the Court finds that his amended petition names the proper respondent, the Warden of NWIPC, and incorporates his original habeas petition at Dkt. No. 1.

Second, Respondents argue that Ascencio Zetino is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he was not admitted to the United States, citing the Fifth Circuit's opinion in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Dkt. No. 5 at 2. This Court is not bound by the Fifth Circuit and has rejected this interpretation. *See Barrios Arroyo v. ICE Field Office Director*, Case No. 2:26-cv-994-JNW, Dkt. No. 11 (W.D. Wash. May 19, 2026) (holding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are present in

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 2

the United States and charged under 8 U.S.C. § 1182 (a)(6)(A)(i) as an "[inadmissible] alien present in the United States without being admitted or paroled[.]"). Because 8 U.S.C. § 1225(b)(2) does not apply to Ascencio Zetino the Court rejects Respondents' second argument.

Ascencio Zetino requests release, or in the alternative, a bond hearing before an immigration judge. Dkt. No. 1 at 2. Consistent with the approach taken by courts in this District, the Court finds that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release. *See, e.g., Mitka v. ICE Field Off. Dir.*, No. C19-193-MJP-BAT, 2019 WL 5901970, at *4 (W.D. Wash. Sept. 6, 2019) ("Petitioner is not entitled to an order of release, but he is entitled to a bond hearing[,]" and ordering a bond hearing within thirty days); *Martinez v. Clark*, No. C-18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (ordering a bond hearing within 30 days). The Government agrees that, if relief is warranted, the proper remedy is a bond hearing rather than release. Dkt. No. 5 at 3–4.

If Respondents fail to provide Ascencio Zetino with a bond hearing within fourteen days of this Order, he must be immediately released. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at *4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

Finally, Ascencio Zetino moves for additional time to reply to the Government's return, explaining that mail reaches the detention center slowly. Dkt. No. 7. The motion is denied as moot.

Accordingly, the Court ORDERS as follows:

1.  The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. Nos. 1, 6.

2.  Within FOURTEEN (14) days of this Order, Respondents must either provide Ascencio Zetino with a bond hearing or release him under an appropriate order of supervision.

3.  If the individualized bond hearing is not conducted within 14 days of this Order, Respondents MUST release Ascencio Zetino within 24 hours under appropriate conditions of supervised release.

4.  Respondents are ENJOINED from denying a bond hearing on the basis that Ascencio Zetino is subject to mandatory detention under 8 U.S.C. § 1225(b). He is not subject to that provision.

5.  The motion for an extension of time, Dkt. No. 7, is DENIED as moot.

Dated this 29th day of June, 2026

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 4